IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| WILLIAM RAY AMENDE, | ) |
| | ) Cause No. CV-10-49-BLG-RFC-CSO |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER ADOPTING FINDINGS |
| | ) AND RECOMMENDATIONS OF |
| SGT. SPENCER ANDERSON, | ) U.S. MAGISTRATE JUDGE |
| and OFFICER JAMES BAISCH, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiff William Amende has filed this 42 U.S.C. § 1983 action against Rosebud County, Montana Sheriffs Deputies alleging they used excessive force in restraining him. United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 31*) with respect to Defendants' motion for summary judgment (*doc. 24*) and Amende's motion for summary judgment (*doc. 28*). Judge Ostby recommends Defendants motion be granted and Amende's motion be denied because the undisputed facts establish that Defendants actions were reasonable in light of the circumstances.

1

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Amende has filed timely objections. *Doc. 32.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Amende's first objection–more of a reminder, actually–is that courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). But regardless of how liberally the Court construes Amende's pleadings, the undisputed fact is that Amende was agitated and combative and Defendants had no choice but to restrain him.

Amende's second objection is that Defendants allege he was resisting arrest, but he was not charged with resisting arrest. Not only is this objection irrelevant to the issues before the Court, Amende's conduct was more egregious than misdemeanor resisting arrest. That is why he was charged with felony attempted assault on a peace officer.

Third, Amende claims the pictures of his bloody face and the blood on the ground prove that Defendants used excessive force against him. Again, the Fourth Amendment only prohibits objectively unreasonable force. *Graham v. Connor,*

490 U.S. 386, 394-95 (1989). The undisputed facts establish that Amende was acting like a jackass and Defendants used reasonable force to prevent him from harming himself or others.

Finally, Amende argues it is up to a jury to determine whether or not the officers used excessive force in restraining him. As noted by Judge Ostby, Rule 56 Fed.R.Civ.P. entitles Defendants to summary judgment if they can demonstrate there is no dispute as to any material fact and they are entitled to judgment as a matter of law. Moreover, although cases alleging excessive force usually require a jury to determine disputed issues of fact, *Lolli v. County of Orange,* 351 F.3d 410, 415-16 (9th Cir. 2003), in this case, Amende's rampage was captured on video. Judge Ostby correctly concluded that summary judgment was appropriate in light of that video.

Accordingly, Amende's objections are overruled and the Findings and Recommendations are adopted in their entirety.

**IT IS HEREBY ORDERED** that Amende's motion for summary judgment (*doc. 28*) is **DENIED** and Defendants' motion for summary judgment (*Doc. 24*) is **GRANTED.**

**IT IS FURTHER ORDERED** that the docket reflect that this Court certifies pursuant to Rule 24(a)(3)(A) Fed.R.App.P. that any appeal of this decision

would not be made in good faith.

The Clerk of Court shall notify the parties of the entry of this Order and enter judgment in favor of Defendants.

DATED this 30th day of September, 2011.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE